UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 3, 2018

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| LAWRENCE PAUL SCHMIDT, | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. § 1344 (Bank Fraud) |
| Defendant. | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | 18 U.S.C. § 1957 (Engaging in Monetary |
| | : | Transactions in Property Derived From |
| | : | Specified Unlawful Activity) |
| | : | |
| | : | FORFEITURE ALLEGATION: |
| | : | |
| | : | 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. |
| | : | § 981(a)(1)(C); 18 U.S.C. § 982(a)(1); 21 |
| | : | U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

At all times material to this Indictment:

### Introduction

1.  Defendant LAWRENCE PAUL SCHMIDT ("SCHMIDT") was a resident of the District of Columbia. Defendant SCHMIDT was not licensed to sell securities and was not registered with the Securities and Exchange Commission in any capacity.

2.  Commercial Equity Partners, Ltd. ("CEP") was a Delaware corporation formed in May 2008. CEP was a commercial real estate investment company with expertise in property acquisition, mortgage note trust deeds, and purchases of property tax liens. CEP solicited investors for real estate, mortgage trust deed notes, and tax lien notes. Defendant SCHMIDT was a Director

of CEP. CEP maintained business bank accounts at Bank of America (account numbers xxxxxxxx7926 and xxxxxxxx7939).

3. FutureGen Company d/b/a FutureGen Capital ("FGC") was a Delaware corporation formed in September 2009. FGC solicited investors for investment opportunities in property tax lien certificates, secured commercial mortgage notes, and multi-family properties. Defendant SCHMIDT was the sole Director of FGC. FGC maintained business bank accounts at Bank of America (account number xxxxxxxx5060) and SunTrust Bank (account number xxxxxxxxx7517).

4. CEP became FGC in October 2010, at which time FGC absorbed CEP's employees, who continued to service both CEP and FGC investors.

5. Following the creation of CEP and FGC, Defendant SCHMIDT created various investment funds related to these entities.

6. FGC Tax Lien Fund #2, LLC ("FGC TLF") was a Delaware limited liability company formed in August 2011. FGC TLF maintained a business bank account at Bank of America (account number xxxxxxxx4268).

7. FGC Servicing Limited ("FGC SL") was a Nevada corporation formed in August 2013. Defendant SCHMIDT was an Officer of FGC SL. FGC SL maintained a business bank account at Bank of America (account number xxxxxxxx5438).

8. FGC SPE No. 1 LLC ("FGC SPE") was a Delaware limited liability company formed in November 2012. FGC SPE maintained a business bank account at Bank of America (account number xxxxxxxx5392).

9. Futuregen Capital DDA CG Fund LLC ("FGC DDA") was a Delaware limited liability company formed in August 2010. Defendant SCHMIDT was the Registered Agent in Charge, the Operating Manager, and the Secretary. FGC DDA maintained a business bank account at Bank of America (account number xxxxxxxx5433).

10. FGC CM Note Fund LLC ("FGC CM NOTE") was a Nevada limited liability company formed in May 2013. Defendant SCHMIDT was the sole Officer of FGC CM NOTE. FGC CM NOTE maintained a business bank account at Bank of America (account number xxxxxxxx5810).

11. FGC Distressed Assets Investment #1, LLC ("FGC DAI") was a Delaware limited liability company formed in May 2010. Defendant SCHMIDT was the Operating Manager. FGC DAI maintained a business bank account at Bank of America (account number xxxxxxxx4706).

12. Company A maintained a business bank account at Citibank (account number xxxxx7330). All checks issued by Company A bear signatures.

13. Bank of America and SunTrust Bank were financial institutions as defined in Title 18, United States Code, Section 20, with branches in the District of Columbia and elsewhere, with deposits insured by the Federal Deposit Insurance Corporation.

### The Scheme to Defraud

14. Beginning in or about January 15, 2014, and continuing through in or about April 11, 2014, within the District of Columbia and elsewhere, Defendant SCHMIDT, did commit offenses against the United States, to wit:

   a. knowingly executed and attempted to execute a scheme and artifice to defraud, two financial institutions, to wit, Bank of America and SunTrust Bank, which were financial institutions with deposits insured by the Federal Deposit Insurance Corporation, and to obtain $623,050 in money owned by and under the custody and control of Bank of America and SunTrust Bank by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(1) (bank fraud); and

   b. knowingly engaged in and attempted to engage in monetary transactions, that is, the withdrawal and transfer of funds and monetary instruments, in and affecting interstate

commerce, by, through, and to financial institutions, in criminally derived property that was of a value greater than $10,000, and that was derived from specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code Section 1344(1), in violation of Title 18, United States Code, Section 1957.

### Object of the Scheme

15. An object of the scheme and artifice to defraud was for Defendant SCHMIDT to fraudulently obtain monies, funds, and credits from, and in the custody and control of, Bank of America and SunTrust Bank to repay earlier investors, to repay expenses, and for his own benefit and use and the benefit and use of others.

### Manner and Means of the Scheme

16. The allegations set forth in paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference.

17. Between in or about June 2008 and April 2014, Defendant SCHMIDT, through CEP and FGC, and their related entities including FGC TLF, FGC SL, FGC SPE, FGC DDA, FGC CM NOTE, and FGC DAI, raised over $22 million from approximately 200 investors in the United States and elsewhere. Funds raised from investors were comingled and transferred between and amongst CEP and FGC entities to cover whichever expenses were due at the time.

18. Of the over $22 million raised from investors, less than $11 million was placed into investment products. Defendant SCHMIDT instead used new investor funds to repay earlier investors, to pay himself approximately $1.4 million in salary, and to pay $1.3 million in personal expenses, including automobile expenses, mortgage and rent payments for multiple residences, and sports ticket purchases.

19. The U.S. Securities and Exchange Commission ("SEC") initiated an investigation into CEP and FGC. As part of its investigation, the SEC subpoenaed Defendant SCHMIDT for

documents and records related to both CEP and FGC. On November 13, 2013, the SEC deposed Defendant SCHMIDT and asked him questions about both CEP and FGC. The SEC also contacted investors of CEP and FGC.

20. Beginning in at least January 2014, CEP and FGC related bank accounts had insufficient funds to pay investors and expenses.

21. Beginning on or about January 15, 2014, continuing through on or about March 31, 2014, Defendant SCHMIDT re-deposited previously deposited and cleared COMPANY A checks into CEP and FGC related bank accounts. Defendant SCHMIDT transferred these funds to related CEP and FGC bank accounts, and to pay investors and expenses.

22. Beginning on or about February 26, 2014, continuing through on or about April 4, 2014, Defendant SCHMIDT created fraudulent and forged COMPANY A checks, which instead of being signed, had a stamp in the signature area which read, "signature on file."

23. Defendant SCHMIDT deposited these fraudulent and forged COMPANY A checks into CEP and FGC related bank accounts. Defendant SCHMIDT then transferred these funds to related CEP and FGC bank accounts, and in order to pay investors and expenses.

24. On March 11, 2014, Individual A, a financial advisor who had referred investors to CEP and FGC, sent an email to Defendant SCHMIDT requesting an official communication from CEP and FGC outlining various topics, including the SEC investigation, multiple cease and desist orders, a personal bankruptcy filing, and company financial statements.

25. On March 21, 2014, Individual A sent an email to Defendant SCHMIDT stating "…here are redemptions you should be planning for in the very very [sic] near term (ASAP)…" Individual A listed nine investors, whose combined account balances totaled over $1.9 million. The combined balance between all of CEP's and FGC's bank accounts on March 21, 2014, was approximately $8,600.

26. On April 8, 2014, Defendant SCHMIDT sent an email to Individual A, which contained a letter signed by Defendant SCHMIDT on FGC letterhead addressing the concerns Individual A had raised in the March 11, 2014 email. In the letter, Defendant SCHMIDT downplayed the severity of the SEC investigation by stating that is was related to a complaint that CEP was accepting a number of non-accredited investors beyond the SEC guidelines. Defendant SCHMIDT also attempted to distance himself from CEP by referring to CEP as "they" throughout the letter, even though Defendant SCHMIDT had sole control over CEP, including the bank accounts. In the letter Defendant SCHMIDT also stated, "I was fully aware of the CEP inquiry and had been supplying documents to the SEC and working with CEP's attorneys. However, I was surprised by the FGC inquiry." At the time this letter was written, Defendant SCHMIDT had already been subpoenaed for records related to both CEP and FGC, and had also been deposed by the SEC approximately six months prior, where he was asked questions about both CEP and FGC. Defendant SCHMIDT also stated that, "We have made it a little more complicated than maybe it should have been as we have set up entities for many of our different various investments. For asset protection and to avoid comingling of various investment opportunities, we have nine entities in total." Despite having nine entities to avoid the comingling of funds, Defendant SCHMIDT used the different fund bank accounts to move money around and pay back earlier investors from one fund with new investor money from a separate fund. To conclude the letter, Defendant SCHMIDT continued to minimize the SEC investigation by referring to it as an informal investigation and stated that his company was in good standing and good financial health. Defendant SCHMIDT knew that neither CEP nor FGC were in good financial health at the time this letter was written, considering the two CEP bank accounts had a total combined balance of approximately negative $28,400 and the various FGC fund accounts only had a combined total of approximately $70,500.

27. On April 10, 2014, Defendant SCHMIDT sent a letter to FGC employees and investors, which stated, among other things, "It is with a sad heart that I have made the decision to close down FutureGen Capital…"

28. Also on April 10, 2014, Defendant SCHMIDT boarded a one-way flight from the United States to London. Prior to fleeing the country, Defendant SCHMIDT wrote two letters – one for his wife and one for his god-daughter. The letters were similar and both stated "At this point in my life I have three choices, suicide, prison more than likely or to try and start over and make right by everyone."

29. On April 11, 2014, Defendant SCHMIDT sent an e-mail to the FGC accountant, which stated, "I went through the book [sic] and we owe investors like $13Mil and only have about $7Mil in Assets, I don't know how I let it get to this…I have to figure out a way to make this money back, but so much pressure. I feel like I have failed everyone…We have assets but I can't be trusted to manage this. I am so overwhelmed and need to to [sic] help sort all this out."

30. Among the manner and means by which Defendant SCHMIDT carried out the objectives of the scheme and artifice to defraud to fraudulently obtain monies, funds, and credits from Bank of America and SunTrust Bank, Defendant SCHMIDT re-deposited previously deposited and cleared COMPANY A checks into CEP and FGC related bank accounts, were the following financial transactions:

| Date (on or about) | Duplicate Check Deposit | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| January 15, 2014 | Check #1286921, originally deposited on July 22, 2013 into FGC Bank of America account ending in 5060 | $12,443.64 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |

| Date (on or about) | Duplicate Check Deposit | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| January 15, 2014 | Check #1298605, originally deposited on August 21, 2013 into FGC Bank of America account ending in 5060 | $2,639.64 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| January 15, 2014 | Check #5624076, originally deposited on August 19, 2013 into FGC TLF Bank of America account ending in 4268 | $8,982.60 | FGC TLF Bank of America account ending in 4268 | Bank of America ATM, Washington, D.C. |
| January 15, 2014 | Check #5663416, originally deposited on December 2, 2013 into FGC TLF Bank of America account ending in 4268 | $17,946.56 | FGC TLF Bank of America account ending in 4268 | Bank of America ATM, Washington, D.C. |
| January 15, 2014 | Check #5663418, originally deposited on December 2, 2013 into FGC TLF Bank of America account ending in 4268 | $510.00 | FGC TLF Bank of America account ending in 4268 | Bank of America ATM, Washington, D.C. |
| January 17, 2014 | Check #1299155, originally deposited on August 23, 2013 into FGC Bank of America account ending in 5060 | $6,972.02 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| January 27, 2014 | Check #26849, originally deposited on September 3, 2013 into FGC Bank of America account ending in 5060 | $6,245.33 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| January 27, 2014 | Check #26850, originally deposited on September 3, 2013 into FGC Bank of America account ending in 5060 | $1,062.17 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |

| Date (on or about) | Duplicate Check Deposit | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| January 28, 2014 | Check #710748, originally deposited on November 5, 2012 into CEP Bank of America account ending in 7939 | $7,976.85 | CEP Bank of America account ending in 7939 | Bank of America ATM, Washington, D.C. |
| January 28, 2014 | Check #5660981, originally deposited on December 2, 2013 into CEP Bank of America account ending in 7926 | $551.14 | CEP Bank of America account ending in 7939 | Bank of America ATM, Washington, D.C. |
| February 12, 2014 | Check #3282, originally deposited on December 2, 2013 into FGC SL Bank of America account ending in 5438 | $4,981.10 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 12, 2014 | Check #3352, originally deposited on January 14, 2014 into FGC SL Bank of America account ending in 5438 | $9,442.26 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 12, 2014 | Check #3348, originally deposited on January 14, 2014 into FGC SL Bank of America account ending in 5438 | $8,484.87 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 12, 2014 | Check #5675637, originally deposited on January 14, 2014 into FGC Bank of America account ending in 5060 | $300.00 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 12, 2014 | Check #1192372, originally deposited on January 14, 2014 into FGC Bank of America account ending in 5060 | $284.35 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |

| Date (on or about) | Duplicate Check Deposit | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| February 12, 2014 | Check #5683172, originally deposited on February 6, 2014 into FGC Bank of America account ending in 5060 | $300.00 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 12, 2014 | Check #1202757, originally deposited on February 6, 2014 into FGC Bank of America account ending in 5060 | $133.81 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 25, 2014 | Check #051283, originally deposited on February 7, 2014 into CEP Bank of America account ending in 7926 | $922.12 | CEP Bank of America account ending in 7926 | Bank of America ATM, Washington, D.C. |
| February 26, 2014 | Check #1251787, originally deposited on December 10, 2012 into FGC Bank of America account ending in 5060 | $7,899.05 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| February 26, 2014 | Check #1290144 originally deposited on July 3, 2013 into FGC TLF Bank of America account ending in 4268 | $4,251.45 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| March 25, 2014 | Check #8999 originally deposited on December 4, 2013 into FGC SL Bank of America account ending in 5438 | $8,817.20 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |
| March 25, 2014 | Check #1198 originally deposited on December 6, 2013 into FGC SL Bank of America account ending in 5438 | $9,621.20 | FGC Bank of America account ending in 5060 | Bank of America ATM, Washington, D.C. |

| Date (on or about) | Duplicate Check Deposit | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| March 31, 2014 | Check #049297 originally deposited on December 6, 2012 into FGC TLF Bank of America account ending in 4268 | $1,124.90 | CEP Bank of America account ending in 7926 | Bank of America ATM, Washington, D.C. |
| March 31, 2014 | Check #050295 originally deposited on September 17, 2013 into CEP Bank of America account ending in 7926 | $1,942.33 | CEP Bank of America account ending in 7926 | Bank of America ATM, Washington, D.C. |

31. Among the additional manner and means by which Defendant SCHMIDT carried out the objectives of the scheme and artifice to defraud to fraudulently obtain monies, funds, and credits from Bank of America and SunTrust Bank, Defendant SCHMIDT also created fraudulent and forged COMPANY A checks, which instead of being signed, had a stamp in the signature area which read, "signature on file." Defendant SCHMIDT deposited these fraudulent and forged COMPANY A checks into CEP and FGC related bank accounts, including the following transactions:

| Date (on or about) | Forged Check Number | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| February 26, 2014 | 1645902 | $90,000 | FGC CM Note Bank of America account ending in 5810 | Bank of America ATM, Washington, D.C. |
| March 31, 2014 | 1645905 | $55,000 | FGC Sun Trust account ending in 7517 | SunTrust ATM, Washington, D.C. |
| March 31, 2014 | 1645906 | $65,000 | FGC Sun Trust account ending in 7517 | SunTrust ATM, Washington, D.C. |
| April 1, 2014 | 201567 | $15,800 | CEP Bank of America account ending in 7939 | Bank of America mobile application, Washington, D.C. |
| April 1, 2014 | 201589 | $285,000 | FGC TLF Bank of America account ending in 4628 | Bank of America ATM, Washington, D.C. |

| Date (on or about) | Forged Check Number | Amount | Deposit Bank Account | Deposit Location |
|---|---|---|---|---|
| April 2, 2014 | 202789 | $13,500 | FGC CM Note Bank of America account ending in 5810 | Bank of America mobile application, Washington, D.C. |
| April 2, 2014 | 202655 | $12,000 | FGC SPE Bank of America account ending in 5392 | Bank of America mobile application, Washington, D.C. |
| April 2, 2014 | 202891 | $12,500 | FGC DDA Bank of America account ending in 5433 | Bank of America mobile application, Washington, D.C. |
| April 2, 2014 | 1645907 | $14,000 | CEP Bank of America account ending in 7926 | Bank of America mobile application, Washington, D.C. |
| April 2, 2014 | 202783 | $16,500 | FGC DAI Bank of America account ending in 4706 | Bank of America mobile application, Washington, D.C. |
| April 3, 2014 | 202533 | $14,500 | FGC SPE Bank of America account ending in 5392 | Bank of America ATM, Washington, D.C. |
| April 3, 2014 | 202568 | $15,250 | FGC DDA Bank of America account ending in 5433 | Bank of America ATM, Washington, D.C. |
| April 4, 2014 | 202988 | $14,000 | FGC DDA Bank of America account ending in 5433 | Bank of America ATM, Washington, D.C. |

32. Following Defendant SCHMIDT's re-deposits of previously deposited and cleared COMPANY A checks and deposits of fraudulent and forged COMPANY A checks into CEP and FGC related bank accounts, he transferred these funds to related CEP and FGC bank accounts to repay earlier investors, to repay expenses, and for his own benefit and use and the benefit and use of others.

## COUNT ONE
### (Bank Fraud)

33. The allegations set forth in paragraphs 1 through 32 of this Indictment are realleged and incorporated by reference.

34.     Beginning on or about January 15, 2014, continuing through on or about April 4, 2014, within the District of Columbia and elsewhere, Defendant SCHMIDT knowingly executed and attempted to execute a scheme and artifice to defraud, a financial institution, to wit, Bank of America, which was a financial institution with deposits insured by the Federal Deposit Insurance Corporation, and to obtain approximately $403,050.00 in money owned by and under the custody and control of Bank of America by means of materially false and fraudulent pretenses, representations, and promises.

**(Bank Fraud, in violation of Title 18, United States Code, Section 1344(1))**

## COUNT TWO
### (Bank Fraud)

35.     The allegations set forth in paragraphs 1 through 32 of this Indictment are realleged and incorporated by reference.

36.     On or about March 31, 2014, within the District of Columbia and elsewhere, Defendant SCHMIDT knowingly executed and attempted to execute a scheme and artifice to defraud, a financial institution, to wit, SunTrust Bank, which was a financial institution with deposits insured by the Federal Deposit Insurance Corporation, and to obtain approximately $120,000 in money owned by and under the custody and control of SunTrust Bank by means of materially false and fraudulent pretenses, representations, and promises.

**(Bank Fraud, in violation of Title 18, United States Code, Section 1344(1))**

## COUNT THREE
### (Wire Fraud)

37.     The allegations set forth in paragraphs 1 through 32 of this Indictment are realleged and incorporated by reference.

38.     Beginning in or about January 15, 2014, and continuing through in or about April 11, 2014, within the District of Columbia and elsewhere, Defendant SCHMIDT knowingly

devised a scheme to defraud Bank of America, and to obtain money and property of Bank of America by means of materially false and fraudulent pretenses, representations, and promises.

39. On or about the date set forth below, in the District of Columbia and elsewhere, Defendant SCHMIDT, for the purpose of executing the aforementioned scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds:

| Date (on or about) | Duplicate Check Deposit | Amount | Deposit Bank Location and Account | Bank of America ATM Deposit Processing Location |
|---|---|---|---|---|
| January 15, 2014 | Check #1286921, originally deposited on July 22, 2013 into FGC Bank of America account ending in 5060 | $12,443.64 | Bank of America ATM, Washington, D.C. deposit into FGC Bank of America account ending in 5060 | From Washington, D.C. to computer servers located outside of Washington, D.C. |

(Wire Fraud, in violation of Title 18, United States Code, Section 1343)

## COUNT FOUR
### (Wire Fraud)

40. The allegations set forth in paragraphs 1 through 32 of this Indictment are realleged and incorporated by reference.

41. Beginning in or about January 15, 2014, and continuing through in or about April 11, 2014, within the District of Columbia and elsewhere, Defendant SCHMIDT knowingly devised a scheme to defraud SunTrust Bank, and to obtain money and property of SunTrust Bank by means of materially false and fraudulent pretenses, representations, and promises.

42. On or about the date set forth below, in the District of Columbia and elsewhere, Defendant SCHMIDT, for the purpose of executing the aforementioned scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds:

| Date (on or about) | Forged Check Number | Amount | Deposit Bank Location and Account | SunTrust Bank ATM Deposit Processing Location |
|---|---|---|---|---|
| March 31, 2014 | 1645905 | $55,000 | SunTrust ATM, Washington, D.C. deposit into FGC Sun Trust account ending in 7517 | From Washington, D.C. to computer servers located outside of Washington, D.C. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## COUNTS FIVE THROUGH TEN
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

43. The allegations set forth in paragraphs 1 through 32, 34, 36, 38-39, and 41-42 of this Indictment are realleged and incorporated by reference.

44. On or about the dates and in the amounts specified below, in the District of Columbia and elsewhere, Defendant SCHMIDT did knowingly engage and attempt to engage in the following monetary transactions, by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing the following checks, initiated from and drawn on FGC Bank of America bank accounts to be deposited into other FGC Bank of America bank accounts, or withdrawn as cash from an FGC Bank of America bank account, such proceeds having derived from a specified unlawful activity, that is bank fraud and wire fraud.

| Count | On or About Date | Amount | Financial Transaction |
|---|---|---|---|
| Five | April 2, 2014 | $12,000 | Check #2501 drawn on FGC SPE Bank of America account ending in 5392 deposited into FGC Bank of America account ending in 5060 |
| Six | April 2, 2014 | $12,200 | Check #1009 drawn on FGC DDA Bank of America account ending in 5433 deposited into FGC Bank of America account ending in 5060 |
| Seven | April 3, 2014 | $10,000 | Cash withdrawal from FGC CM Note Bank of America account ending in 5810 |

| Count | On or About Date | Amount | Financial Transaction |
|-------|------------------|--------|------------------------|
| Eight | April 3, 2014 | $14,000 | Check #2502 drawn on FGC SPE Bank of America account ending in 5392 deposited into FGC Bank of America account ending in 5060 |
| Nine | April 3, 2014 | $15,000 | Check #1011 drawn on FGC DDA Bank of America account ending in 5433 deposited into FGC Bank of America account ending in 5060 |
| Ten | April 4, 2014 | $13,000 | Check #1012 drawn on FGC DDA Bank of America account ending in 5433 deposited into FGC Bank of America account ending in 5060 |

**(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957)**

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Count One and/or Count Two, the defendant shall forfeit to the United States any property constituting or derived from, proceeds obtained directly or indirectly, as a result of these offenses, pursuant to 18 U.S.C. § 982(a)(2)(A). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting or derived from, proceeds obtained directly or indirectly, as a result of these offenses.

2. Upon conviction of any of the offenses alleged in Counts One through Count Four, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

3. Upon conviction of any of the offenses alleged in Count Five through Count Ten, the defendant shall forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property, as a result of these offenses, pursuant to 18

U.S.C. § 982(a)(1). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in such offenses, or any property traceable to such property, as a result of these offenses, pursuant to 18 U.S.C. § 982(a)(1).

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2)(A), Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON

*Jessie K. Liu* /jik
Attorney of the United States in
and for the District of Columbia